*389 OPINION OF THE COURT
FUENTES, Circuit Judge:
Following a trial by jury, Appellant Derrick Steplight was convicted on November 13, 2006 of possession of a firearm by a convicted felon. 18 U.S.C. § 922(g)(1). On January 19, 2007, Steplight was sentenced to 204 months imprisonment and five years supervised release and fined $1,500. Steplight filed a timely notice of appeal and was appointed counsel. His appointed counsel has filed a motion to withdraw representation and has submitted a supporting brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We will allow the motion to withdraw and will affirm Step-light’s plea and sentence.[1]
I.
Because we write primarily for the parties, we only discuss the facts and proceedings to the extent necessary for resolution of this case. Appellant Derrick Steplight was pulled over when officers suspected his car was in violation of a Pennsylvania law prohibiting excessive window tinting. One of the uniformed police officers who pulled his car over testified that, when asked to produce his license and registration, Steplight covered his waist with his hand. The officer believed Steplight was possibly hiding a weapon and asked him to step out of the car. Steplight instead drove off. He and his passenger, his nephew Shamir Steplight, subsequently abandoned the car and fled on foot. According to the arresting police officer, each of them threw a gun on the ground as he ran. They were both apprehended and arrested for unlawful possession of a firearm. Appellant was subsequently indicted in federal court on the charge of possession of a firearm by a convicted felon.
Steplight’s motion to suppress evidence, namely the firearm attributed to him, was denied and he was found guilty after a jury trial. The District Court granted a downward variance from the guidelines range of 235-293 months and sentenced him to 204 months in prison, five years supervised release, and a $1,500 fine and imposed a $100 special assessment. The court also granted Steplight’s retained trial counsel’s motion to withdraw.
II.
Steplight’s appointed attorney, Michael J. Kelly, has filed a motion to withdraw and, pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), has prepared a brief in support of this motion. See Third Circuit Rule 109.2(a) (outlining process for considering a motion to withdraw representation). Under Anders, “if counsel finds his case to be wholly frivolous, after a conscientious examination of it” he may be granted permission to withdraw after advising the court of this and submitting “a brief referring to anything in the record that might arguably support the appeal.” 386 U.S. at 744, 87 S.Ct. 1396. The court must then conduct its own “full examination of all the proceedings, to decide whether the case is wholly frivolous.” Id.
We have outlined a two-step inquiry that must be completed when counsel submits an Anders brief: “(1) whether counsel adequately fulfilled the [Third Circuit] rule’s requirements; and (2) whether an independent review of the record presents any nonfrivolous issues.” United States v. Youla, 241 F.3d 296, 300 (3d Cir.2001). We “confine our scrutiny of the record to those portions of the record identified by an adequate Anders brief ... [and] those *390 issues raised in Appellant’s pro se brief.” Id. at 801. Counsel’s brief was properly-served upon Steplight, who was entitled to file his own pro se brief in response. Step-light did not do so. The Government, as required, filed a brief in response, supporting counsel’s motion to withdraw.
In preparing his Anders brief, Steplight’s attorney conducted a thorough examination of the record to determine whether there were any non-frivolous issues for appeal. See id. (“The duties of counsel when preparing an Anders brief are (1) to satisfy the court that counsel has thoroughly examined the record in search of appealable issues, and (2) to explain why the issues are frivolous.”). Counsel’s brief discussed three possible issues for appeal and adequately explained why each lacked merit: (1) whether sufficient evidence was presented at trial to support the jury’s verdict; (2) whether the District Court erred in denying Steplight’s motion to suppress; and (3) whether there were any sentencing errors.
Having independently examined the issues raised by Steplight’s counsel, we agree that they lack merit and that no non-frivolous issues for appeal exist. First, we cannot say that the evidence presented at trial was insufficient for a reasonable jury to find Steplight guilty. The parties stipulated at trial to two of the three elements of unlawful possession of a firearm by a convicted felon. Specifically, they stipulated that Steplight was convicted of a felony and that the firearm had traveled in interstate commerce. The final element of the crime was Steplight’s possession of the firearm. The two police officers who pulled over and arrested Step-light testified that they saw him throw a firearm to the ground as he ran away and that they immediately recovered it. Contrary testimony was presented from a neighbor and from Shamir Steplight. The latter testimony was rebutted by Shamir Steplight’s parole officer, who testified that he had told her that his family was pressuring him to take responsibility for the firearm his uncle was charged with possessing. No evidence was presented that would discredit the police officers’ testimony.
An appellant challenging the sufficiency of the evidence faces a “very heavy burden.” United States v. Leahy, 445 F.3d 634, 657 (3d Cir.2006). “[W]e must view the evidence in the light most favorable to the government and will sustain the verdict if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” United States v. Dent, 149 F.3d 180, 187 (3d Cir. 1998) (internal citations and quotations omitted). Given the police officer’s testimony, the jury clearly had a reasonable basis for finding that Steplight possessed the firearm, the only non-stipulated element of the charged crime. Accordingly, we agree that there is no non-frivolous basis for claiming that the evidence was insufficient.
Second, the District Court did not err in refusing to grant the motion to suppress, which argued that the police lacked reasonable suspicion to stop Step-light’s car and had no right to order him to step out of his car. See United States v. Delfin-Colina, 464 F.3d 392, 397 (3d Cir. 2006) (holding that “reasonable suspicion standard applies to routine traffic stops”).
Steplight acknowledged during his testimony at the suppression hearing that the backseat windows of his car were tinted. He argued that another officer — who had previously pulled him over for excessive tinting, causing him to remove the tinting on the front windows — led him to believe that the remaining tinting, on the rear windows, was not illegal. This argument, that only the rear windows were tinted, does not render unreasonable the officers’ *391 decision to stop Steplight because they believed his tinting to be illegal. In light of the arguments made at the suppression hearing, as well as Steplight’s concession that his rear windows were tinted, we find that no non-frivolous argument can be made that the District Court erred in finding the police had reasonable suspicion to stop his car.
Nor do we find any basis for finding error in the District Court’s conclusion that the police officers had a sufficient basis for ordering him to step out of the car, an order based upon the police officer’s suspicion that Steplight was concealing a weapon. A police officer executing a lawful traffic stop “may exercise reasonable superintendence over the car and its passengers” and “may order the driver out of the vehicle without any particularized suspicion.” United States v. Bonner, 863 F.3d 213, 216 (3d Cir.2004). Accordingly, there is no non-frivolous claim regarding the District Court’s ruling on this issue.
As for the third and final issue identified in the Anders brief, there is no non-frivolous basis for challenging Step-light’s sentencing. The District Court followed the three-step sentencing process we outlined in United States v. Gunter, 462 F.3d 237 (3d Cir.2006). A court must (1) calculate the Guidelines sentence; (2) rule on any motions for departure, stating the basis for its decisions; and (3) consider the factors in 18 U.S.C. § 3553(a) to determine whether to exercise its discretion and grant a variance. A review of the sentencing transcript indicates the District Court carefully followed this procedure. Due to his prior convictions, Steplight faced a mandatory minimum of 15 years (180 months). His guideline range was 235 to 293 months. The court granted a downward variance and sentenced him to 204 months incarceration. We find no basis for arguing this sentence was unreasonable.
For the foregoing reasons, we grant counsel’s motion to withdraw and affirm Steplight’s conviction and the sentence imposed by the District Court.

. The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.